IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
: 
*In re* : Chapter 11
:
SuperMedia Inc., *et al.*,[1] : Case No. 13-10545 (KG)
:
                  Reorganized Debtors. : Jointly Administered
:
: **Objection Deadline: Sept. 6, 2013 at 4:00 p.m. (ET)**
: **Hearing Date:  Sept. 18, 2013 at 10:00 a.m. (ET)**
-----------------------------------------------------------X

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF FINAL DECREES CLOSING THE CHAPTER 11 CASES OF SUPERMEDIA INC., SUPERMEDIA SERVICES INC. AND SUPERMEDIA SALES INC.

The above-captioned reorganized debtors (the "Reorganized Debtors") file this motion (the "Motion") for entry of final decrees, substantially in the forms attached hereto as Exhibit A-1 through Exhibit A-3, closing the chapter 11 cases of SuperMedia Inc., SuperMedia Services Inc. and SuperMedia Sales Inc. (the "Relevant Reorganized Debtors").[2] In support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are: SuperMedia Inc. (5175), SuperMedia LLC (6092), SuperMedia Services Inc. (2834) and SuperMedia Sales Inc. (4411). For the purpose of these chapter 11 cases, the service address for the Reorganized Debtors is: 2200 West Airfield Drive, P.O. Box 619810, DFW Airport, Texas, 75261.

[2] At this time the Reorganized Debtors are not requesting entry of a final decree in the SuperMedia LLC (Case No. 13-10546 (KG)) because there are outstanding contested matters pending in that proceeding.

meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On March 18, 2013 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), along with a joint prepackaged chapter 11 plan [Docket No. 16] (as subsequently modified and supplemented, the "Plan").

5. The Plan provided for the consummation of the Agreement and Plan of Merger by and among Dex One Corporation ("Dex One"), Newdex, Inc., Spruce Acquisition Sub, Inc. and SuperMedia, which was amended and restated on December 5, 2013 (as amended, the "Merger Agreement," and the transactions contemplated thereby, the "Merger"), and certain amendments to the SuperMedia and Dex One senior secured credit facilities. Contemporaneously with the Debtors' chapter 11 filing, Dex One and certain of its subsidiaries (the "Dex One Debtors") filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code, along with a joint prepackaged chapter 11 plan for the Dex One Debtors (as subsequently modified and supplements, the "Dex One Plan") providing for consummation of the Merger and related transactions.

6.  On April 29, 2013, the Court entered an order confirming the Plan [Docket No. 171] (the "Confirmation Order"). Contemporaneously, the Court entered an order confirming the Dex One Plan.

7.  On April 30, 2013 (the "Effective Date"), the Merger and certain amendments and restatements of the SuperMedia and Dex One senior secured credit agreements closed, and the Plan became effective [Docket No. 173]. As a result, as of the Effective Date, SuperMedia's former stockholders owned approximately 40 percent of the common stock of the combined company (Dex Media, Inc.) and Dex One's former stockholders owned the remaining 60 percent.

8.  The Plan provides that all claims, other than those claims arising under the prepetition secured credit agreement, shall be unimpaired. Plan, §3.1. For example, general unsecured claims are entitled to "receive Cash in an amount equal to such Allowed Class 8 Claim on the later of the Effective Date or in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Class 8 Claim." Plan, §3.2(e).

9.  Although the Plan provided for payment in full of all general unsecured claims in accordance with non-bankruptcy law and did not require the filing of proofs of claim, approximately 60 claims were filed against the Relevant Reorganized Debtors in their chapter 11 cases. In the weeks leading up to the Effective Date and continuing through the present, the Reorganized Debtors and their advisors worked diligently to resolve these claims. As of the date hereof, 32 of these claims were either amended and superseded, withdrawn or deemed to be expunged.[3] Nearly all the outstanding claims represent tax claims which have not yet become

---

[3] The Plan provides that "all proofs of claim filed after the Effective Date shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Reorganized Debtor, without the need for any objection by the Reorganized Debtors or any further notice to or action, order, or approval of the Bankruptcy Court." Plan, § 7.1.

due and payable—in some instances, the Reorganized Debtors have not even received invoices on account of the taxes. The Reorganized Debtors submit that the outstanding filed claims do not represent a bar to closing these cases, as such claims arise out of routine obligations or asserted liabilities that will be satisfied in the ordinary course in accordance with non-bankruptcy law as required by the Plan. The Reorganized Debtors submit that if any disputes arise about the amount of any of the claims, such disputes will be properly addressed in another forum.

## RELIEF REQUESTED

10. By this Motion, the Reorganized Debtors request, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, the entry of final decrees, substantially in the forms attached hereto as Exhibit A-1 through Exhibit A-3, closing the chapter 11 cases of the Relevant Reorganized Debtors.

## BASIS FOR RELIEF

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Furthermore, Local Rule 3022-1(a) provides that:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid. Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies the case name and the case number to be closed under the order. A separate proposed order closing each jointly administered or consolidated case shall be filed.

12. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022,

4

however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    e.    whether payments under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991). Delaware courts have held that these factors are "a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." E.g., In re SLI, Inc., No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); accord Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994).

    13.    The chapter 11 cases of the Relevant Reorganized Debtors have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter final decrees closing the cases. In particular, with respect to each case:

    a.    the Confirmation Order has become final;

    b.    the Relevant Reorganized Debtors have emerged from chapter 11 as reorganized entities;

    c.    all payments required to be made pursuant to the Plan, other than those payments which have not yet become due in the ordinary course of business or otherwise under non-bankruptcy law, have been paid;

    d.    the Relevant Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

      e.     all anticipated matters in the chapter 11 cases of the Relevant Reorganized Debtors have been resolved; and

      f.     all of the transactions contemplated by the Plan, including the Merger, closed on the Effective Date.

14.    Furthermore, bankruptcy courts in this district and others have entered final decrees and closed cases despite certain claims being left unresolved. See In re Appleseed's Intermediate Holdings LLC, No. 11-10160 (KG) (Bankr. D. Del. Mar. 28, 2012) (entering final decree closing debtors' chapter 11 cases notwithstanding pendency of certain claims); In re Lazy Days' R.V. Center, Inc., No. 09-13911 (KG) (Bankr. D. Del. Mar. 22, 2010) (same); see also In re U.S. Energy Biogas Corp., No. 06-12827 (RDD) (Bankr. S.D.N.Y. Apr. 3, 2008) (same).[4]

15.    While the Reorganized Debtors acknowledge that the resolution of certain claims is still pending, the Reorganized Debtors submit that such claims will be resolved and paid outside the chapter 11 cases in accordance with non-bankruptcy law and the Plan. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Committee Note (1991). Furthermore, the entry of final decrees closing these chapter 11 cases is without prejudice to creditors' rights to petition the Court to reopen any of these chapter 11 cases pursuant to section 350(b) of the Bankruptcy Code.

16.    Finally, in accordance with Local Rule 3022-1(c), annexed hereto as Exhibit B is the final report that describes: (a) the fees and expenses awarded to the retained professionals who rendered services during the pendency of the chapter 11 cases of the Reorganized Debtors; and (b) the distributions made under the Plan.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Reorganized Debtors' counsel.

17. Accordingly, the Reorganized Debtors submit that the Court should enter final decrees closing the chapter 11 cases of the Relevant Reorganized Debtors.

## NOTICE

18. The Reorganized Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (c) all entities who have filed proofs of claim against the Reorganized Debtors; (d) counsel to the administrative agents of the Reorganized Debtors' prepetition and postpetition secured credit facilities; (e) counsel to the reorganized Dex One Debtors; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19. No prior request for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the final decrees, substantially in the forms attached hereto as Exhibit A-1 through Exhibit A-3, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated:  August 23, 2013
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Sean A. O'Neal (admitted *pro hac vice*)
Emily Bussigel (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ashley E. Markow*
Pauline K. Morgan (Bar No. 3650)
Patrick A. Jackson (Bar No. 4976)
Ashley E. Markow (Bar No. 5635)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Reorganized Debtors*